**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC., *et al.*,<br><br>                              Debtors. | **NOT FOR PUBLICATION**<br><br>Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |
| ALFREDIA PRUITT*,*<br><br>                              Plaintiff,<br><br>                    v.<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>                              Defendants. | <br><br><br><br>Adv. Pro. No. 13-01350 (MG) |

**MEMORANDUM OPINION AND ORDER GRANTING DEBTOR DEFENDANTS'
MOTION TO DISMISS ADVERSARY COMPLAINT**

**A P P E A R A N C E S:**

MORRISON & FOERSTER LLP
*Attorneys for Debtors*
1290 Avenue of the Americas
New York, NY 10104
By:    Jeffrey K. Rosenberg, Esq.

ALFREDIA PRUITT
*Pro Se Plaintiff*

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the *Debtor Defendants' Motion to Dismiss Plaintiff's Adversary Complaint* (the "Motion," ECF Doc. # 26).[1] Through the Motion, Residential Capital, LLC ("ResCap") and GMAC Mortgage, LLC ("GMACM") (collectively, the "Defendants"), seek to dismiss on *res judicata* grounds the adversary proceeding filed by Alfredia Pruitt (the "Plaintiff"). The Plaintiff filed a response (the "Response," ECF Doc. # 28), and the Defendants filed a reply (the "Reply," ECF Doc. # 30). The Plaintiff then filed what appears to be an unauthorized sur-reply (ECF Doc. # 33), as well as a Motion to Verify a Trial Was Never Held in the Above Cases [referencing her Georgia state court actions] (ECF Doc. # 34), and a Motion for Adverse Party Demonstrate Case(s) in the Lower Court Has Been Heard on the Merits (ECF Doc. # 35). The Court held a hearing on December 17, 2013, and Ms. Pruitt appeared telephonically. The Court reserved decision on the Motion. For the reasons that follow, Court **GRANTS** the Debtor Defendants' Motion, and the adversary proceeding is **DISMISSED WITH PREJUDICE**.

## I.    BACKGROUND

On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition for chapter 11 relief. Since the Petition Date, the Debtors have operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On December 10, 2013, the Court entered an Order confirming the Debtors' *Second Amended Joint Chapter 11 Plan*. (ECF Case No. 12-12020, Doc. # 6065.)

---

[1] Unless otherwise indicated, all references to the docket are to Adv. Pro. No. 13-01350.

2

### A. The Property and Foreclosure

On September 7, 2010, property owned by the Plaintiff at 2360 Hickory Station Circle, Snellville, Georgia 30078 (the "Property"), was sold at foreclosure. On that same day, the Plaintiff filed a petition for relief under chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia (the "Georgia Bankruptcy Court")—her third bankruptcy filing within a one year period. On September 21, 2010, GMACM filed a motion in the Plaintiff's bankruptcy case asking the court to confirm that the Plaintiff's September 7, 2010 bankruptcy filing did not give rise to the automatic stay due to the dismissal of her two prior bankruptcy cases in the preceding year. On September 22, 2010, the Georgia Bankruptcy Court issued an order confirming that "the automatic stay under § 362(a) did not go into effect upon or since the filing of [the] case and, as of the date [t]hereof, no order has been entered imposing a stay to the extent provided in 11 U.S.C. § 362(c)(3)(A)." (*See* Motion, Ex. 1-D.)

### B. The Plaintiff's State Court Actions

Prior to filing this adversary proceeding, the Plaintiff filed at least four actions in the Superior Court of Gwinnett County, State of Georgia (the "Superior Court"), bringing claims in connection with the allegedly wrongful foreclosure of the Property (the "State Court Actions").

The Plaintiff initiated her First Action[2] against GMACM and other defendants in the Superior Court on December 6, 2010, by filing a motion for a preliminary injunction. In this First Action, the Plaintiff asserted that the foreclosure of the Property was unlawful and requested a preliminary injunction preventing GMACM from proceeding with eviction despite a dispossessory order that GMACM had obtained on December 1, 2010. On January 31, 2011, the

---

[2] Pruitt v. Fed. Nat'l Mortg. Ass'n, et al., No. 10-A-109723-3 (Sup. Ct. Ga. 2010).

3

Superior Court denied the Plaintiff's request for a restraining order and injunctive relief, affirmed the dispossessory order, and granted final judgment in favor of the defendants, including GMACM. (*See* Motion, Ex. 1-G.)

On September 21, 2011, in her Second Action,[3] the Plaintiff requested a temporary restraining order ("TRO") against GMACM and other parties, and an order setting aside the foreclosure sale. On the following day, the Superior Court entered an order denying the TRO and dismissing the complaint for failure to state a claim upon which relief may be granted. (*See* Motion, Ex. 1-I.)

On October 7, 2011, the Plaintiff filed a Third Action[4] against GMACM and other parties which, again, sought a TRO and asserted a cause of action for "wrongful foreclosure, fraudulent conveyance of property." The Superior Court dismissed the Third Action on October 10, 2011, for failure to state a claim upon which relief could be granted. (*See* Motion, Ex. 1-K.) Additionally, on January 26, 2012, the Superior Court directed the clerk to cancel two *lis pendens* which the Plaintiff had recorded against the Property. (*See* Motion, Ex. 1-L.)

On February 15, 2012, the Plaintiff filed a Fourth Action[5] in the Superior Court. In the Fourth Action, Plaintiff once again asserted that the foreclosure of the Property was wrongful, sought to quiet title, and requested compensatory and punitive damages against the defendants, including GMACM and Fannie Mae. On March 12, 2012, the Superior Court entered an order dismissing the Fourth Action. (*See* Motion, Ex. 1-A.) In addition, having presided over three prior lawsuits involving identical allegations in connection with the foreclosure of the Property,

---

[3] Pruitt v. Fed. Nat'l Mortg. Ass'n, et al., No. 11-A-10084-3 (Sup. Ct. Ga. 2011).

[4] Pruitt v. Fed. Nat'l Mortg. Ass'n, et al., No. 11-A-10675-3 (Sup. Ct. Ga. 2011).

[5] Pruitt v. MERS/GMAC, et al., No. 12-A-01388-3 (Sup. Ct. Ga. 2012).

4

the State Court issued a Bill of Peace enjoining the Plaintiff from continuing her attempts to relitigate the same issues:

> [A]s this is the fourth suit in addition to an appeal from Magistrate Court that Plaintiff has filed with respect to the property located at 2360 Hickory Station Circle, Snellville, Georgia 30078 and the claims having been previously adjudicated in the three prior actions between the same parties, Plaintiff Alfredia Pruitt is hereby permanently enjoined from filing or serving in the above-styled case or filing or serving in any other case in any court any pleadings or suits related to the property located at 2360 Hickory Station Circle, Snellville, Georgia 30078 without further Order of this Court, with the exception of notices of appeal from this Order. *See* O.C.G.A. § 23-3-110 (a)(2).

(Motion, Ex. 1-A at 3.)[6]

### C. The Plaintiff's Actions Before This Court

On September 27, 2012, the Plaintiff filed Proof of Claim No. 835 in the Debtors' chapter 11 cases, asserting a claim against ResCap in the amount of $271,330.00, the stated basis of which was "mortgage note." (*See* Motion, Ex. 1-P.) Thereafter, on October 9, 2012, the Plaintiff withdrew her proof of claim. (*See id.*, Ex. 1-Q.) On March 14, 2013, the Plaintiff filed a motion seeking relief from the automatic stay, apparently for the purpose of initiating another action arising out of the same facts and circumstances as each of the State Court Actions. On March 15, 2013, the Plaintiff filed an amended motion, seemingly requesting the same relief, but attaching additional documentation. On April 12, 2013, the Court denied the Plaintiff's motion for relief from the automatic stay. (*See* Order Denying Relief from Stay, ECF Case No. 12-12020, Doc. # 3433.) The Order Denying Relief from Stay states: "stay relief would not result in a complete resolution of the issues, since the claims raised in Pruitt's Motion have already been dismissed at least five times. Allowing stay relief will not help resolve issues that are already effectively settled by multiple judicial orders." (*Id.* at 7.) The Order further states that

---

[6] At the hearing on the Motion, Debtors' counsel informed this Court that the Plaintiff filed a new action in the Superior Court on November 21, 2013, which the Superior Court dismissed on November 26, 2013, referring back to the Bill of Peace. (*See* Dec. 17, 2013 H'rg Tr. 66:17–21.)

5

"any future action may be barred by the Superior Court's Bill of Peace order [and] . . . judicial economy also does not favor allowing Pruitt to proceed with claims that have been dismissed." (*Id.*)

The Plaintiff initiated this adversary proceeding by filing the Complaint on May 24, 2013 (ECF Doc. # 1), as amended (ECF Doc. # 4). Through the Complaint, the Plaintiff seeks essentially the same relief she has sought through each of her State Court Actions. The Complaint raises allegations that the Defendants wrongfully foreclosed upon her property because GMACM was not properly assigned the note and in violation of the automatic stay imposed by her chapter 13 filing. In addition to other relief, the Plaintiff seeks $20 million.

## II.    DISCUSSION

*Res judicata*, or claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "[T]he preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the state where the prior action occurred . . . ." *New York v. Sokol (In re Sokol)*, 113 F.3d 303, 306 (2d Cir. 1997) (citing 28 U.S.C. § 1738). "In applying the doctrine of *res judicata*, [a court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court." *Burka v. New York City Transit Auth.*, 32 F.3d 654, 657 (2d Cir. 1994) (citation omitted).

Under Georgia law, the doctrine of *res judicata* applies if three prerequisites are met: "(1) identity of the parties or their privies; (2) identity of the cause of action; and (3) previous adjudication on the merits by a court of competent jurisdiction." *Brown & Williamson Tobacco*

6

*Corp. v. Gault*, 627 S.E.2d 549, 551 (Ga. 2006). All three of these requirements are met here. First, GMACM was a named party in each of the Plaintiff's State Court Actions. Second, the cause of action asserted in the Complaint is the same as was asserted in the State Court Actions. "[T]he doctrine of *res judicata* bars subsequent actions as to all matter[s] put in issue or which could have been put in issue." *Dove v. Ty Cobb Healthcare Sys., Inc.*, 729 S.E.2d 58, 61 (Ga. Ct. App. 2012) (internal quotation marks omitted). All of the assertions raised in the Complaint relate to the foreclosure of the Property, and could have been asserted in any of the previous cases. Third, the State Court Actions were all dismissed for failure to state a claim, constituting final judgments on the merits by a court of competent jurisdiction. *See Hodo v. Basa*, 449 S.E.2d 523, 525 (Ga. Ct. App. 1994) (holding that "'the sustaining of a motion to dismiss for failure to state a claim is res judicata on the merits of the claim'" (quoting *Dillingham v. Doctors Clinic, P.A.*, 223 S.E.2d 625, 626 (Ga. 1976))). Therefore, the adversary proceeding is barred by *res judicata*.

The Plaintiff raises various arguments in her filings, none of them convincing. The Plaintiff claims that her appeal in the First Action was not decided on the merits, but was dismissed for failure to pay the requisite fees. However, a review of the Final Order and Judgment issued in that case reveals that the court considered the merits of the Plaintiff's arguments, and found that she "failed to proffer any evidence or authority to suggest that" the earlier order was in error. (*See* Motion, Ex. 1-G.) That order also expressly states that "FINAL JUDGMENT be and hereby is entered in favor of all DEFENDANTS as to all claims asserted by Plaintiff in this proceeding." (*Id.*) No issues were left to be decided, constituting a final judgment on the merits under Georgia law. *See Standridge v. Spillers*, 587 S.E.2d 862, 864 (Ga. Ct. App. 2003). The Plaintiff also asserts that the foreclosure took place in violation of the

automatic stay imposed by her chapter 13 filing. As discussed above, the Georgia Bankruptcy Court issued an order confirming that the stay did not go into effect upon the filing of her third bankruptcy case in a one year period. (*See* Motion, Ex. 1-D.) The Plaintiff seems convinced that because she was never granted the jury trial she demanded, her claims were never adjudicated on the merits. The Plaintiff, however, is mistaken. The Superior Court considered, and dismissed, her related actions at least five times. The Plaintiff does not get to relitigate those claims here.

### III.    CONCLUSION

For all of the foregoing reasons, the Court **GRANTS** the Debtor Defendants' motion to dismiss. The Complaint, as amended, is barred by *res judicata* and is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated:    January 23, 2014
         New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge